Before STATE INDUSTRIAL BOARD, Respondent.

LOUISE DROTHLEFF, Claimant, Respondent, *v.* THE UNION NEWS COMPANY, Appellant.

Third Department, November 15, 1923.

**Workmen's compensation — accidental injury — award based on uncorroborated hearsay evidence as to accident reversed.**

The award of death benefits in this case for the death of claimant's intestate alleged to have been caused as the result of an accident whereby he suffered an injury to his thigh must be reversed, since it appears that the award is based entirely upon uncorroborated hearsay evidence that the accident occurred and that an injury resulted therefrom.

APPEAL by the defendant, The Union News Company, from an award of the State Industrial Board, made on the 3d day of April, 1923.

*Frank M. Patterson* [*Frederick Mellor* and *Raymond C. Haff* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Frederick H. Cunningham*, for State Department of Labor, for the respondents.

MCCANN, J.:

On November 15, 1921, Martin Drothleff was employed as an oyster man in a restaurant conducted by the Union News Company. It is claimed that he, together with a fellow-employee named Alexis were lifting a barrel and that the barrel slipped and struck Drothleff on the thigh. Drothleff died on May 27, 1922. His widow presented a claim and on April 3, 1923, she and her infant son were awarded compensation. The Union News Company, employer, self-insurer, appealed from the award on the grounds: *First*, that there is no competent proof of the happening of an accident to the deceased; *second*, that no notice of accidental injury was given to the employer within the thirty days required by the statute (Workmen's Compensation Law of 1914, § 18, as amd. by Laws of 1918, chap. 634; now Workmen's Compensation Law of 1922, § 18) and no facts were stated excusing failure to give such notice; *third*, that there is no proof that the condition from which the decedent died was due to any accidental injury. Respondent claims that the only objection raised on the hearing was that of sufficient notice. It appears, however, that there was a motion made to dismiss on the various grounds stated. The notice was held by the referee to be sufficient. In such holding this court concurs. The vital question in this case is whether there was any accident proved and if so, any injury traceable thereto. There is no proof except by hearsay testimony that any accident happened to the deceased. Such testimony as appears is that of the widow, the physicians and the hospital records, all of which are based upon statements of the deceased. It is claimed that there is a statement made by a coemployee named Alexis. An examination of the record shows that Alexis denies that he ever made the statement which is credited to him with reference to the accident and denies any knowledge of the accident and furthermore the proof which is offered with reference to such statement is hearsay. The opinion of the referee says: " There is no chance to doubt that deceased met with an accident on or about November 15, 1922, by having his leg hurt by a barrel of oysters, while he

and a man by the name of Alexis were moving the barrel." There is no competent evidence in the record to sustain such a conclusion. The hearsay evidence is absolutely uncorroborated. The referee's opinion also states: " The medical evidence in the judgment of the referee establishes connection between the injury and cause of death. Dr. Sommerville's evidence can be and is relied upon for that fact."

The referee gives clearly his reason for the findings made upon the question of the cause of the injury. Dr. Sommerville's testimony shows that he treated a tumor, but there is no testimony to show that the tumor was connected with the alleged injuries. The testimony upon which the claimant relies is that of Dr. Sommerville's, as follows: " Q. Now, doctor, at the time you saw him last, at the time you sent him to Bellevue Hospital, could you as a physician and with your knowledge of this particular case state that the condition which had developed, the erysipelas, in May was due to the injury in November, 1921? A. There was a complication. Erysipelas is a complication of the former surgical procedure."

The former surgical procedure referred to appears in the record of the case kept by the Lenox Hill Hospital, in which it is stated that on December 31, 1921, there was an incision over the lateral aspect of the left thigh. It does not appear from the testimony that Dr. Sommerville performed any operation. He stated that he treated him but does not indicate in what manner. He stated, however, that in April or May, 1922, when the decedent called on him that " erysipelas had developed at the site of one of the incisions " (presumably one of the incisions referred to in the medical record as having been made on December thirty-first). There is little medical testimony with reference to the existence of a tumor or as to its cause, its treatment, or its bearing upon the condition of the decedent at the time of his death, and such testimony is in all respects indefinite, unsatisfactory and far from convincing. In fact, in the death certificate signed, dated May 27, 1922, the attending physician states: " I am unable to state definitely the cause of death."

The award appealed from should be reversed and the claim dismissed, with costs.

COCHRANE, P. J., H. T. KELLOGG, VAN KIRK and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.